**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

**LAW OFFICES OF VINCENT S. WONG**
Vincent S. Wong (VW 9016)
39 East Broadway, Suite 306
New York, NY 10002
(212) 349-6099
vswlaw@gmail.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Guang Ping Zhu, on behalf of himself and all other persons similarly situated,<br><br>                Plaintiff,<br><br>        - vs. –<br><br>Salaam Bombay, Inc. and Ramesh Shah,<br><br>                Defendants. | DOCKET NO. 16-cv-4091<br><br>        **COMPLAINT** |

        Plaintiff  Guang  Ping  Zhu,  by  and  through  his

undersigned attorneys, for his complaint against defendants

Salaam Bombay, Inc. and Ramesh Shah, alleges as follows, on

behalf  of  himself  and  on  behalf  of  all  other  persons

similarly situated:

## NATURE OF THE ACTION

1.   Plaintiff Guang Ping Zhu alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Salaam Bombay, Inc. and Ramesh Shah, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Zhu further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for defendants' violation of the Wage Theft Prevention Act; (v) compensation for tips unlawfully retained by defendants; (vi) compensation for unlawful

deductions consisting of defendants' failure to reimburse him for his "tools of the trade"; and (vi) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.   Plaintiff Mr. Zhu is an adult individual residing in New York, New York.

4.   Mr. Zhu consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Salaam Bombay, Inc. is a New York corporation with a principal place of business at 319 Greenwich Street, New York, New York.

6.   At all relevant times, defendant Salaam Bombay has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.   Upon information and belief, at all relevant times, defendant Salaam Bombay has had gross revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, defendant Salaam Bombay has used goods and

materials produced in interstate commerce, and has employed
at least two individuals who handled such goods and
materials.

9.  Upon information and belief, at all relevant
times, defendant Salaam Bombay has constituted an
"enterprise" as defined in the FLSA.

10.  Upon information and belief, defendant Ramesh
Shah is an owner or part owner and principal of Salaam
Bombay, who has the power to hire and fire employees, set
wages and schedules, and maintain their records.

11.  Defendant Ramesh Shah was involved in the day-to-
day operations of Salaam Bombay and played an active role
in managing the business.

12.  Defendants constituted "employers" of plaintiff
as that term is used in the Fair Labor Standards Act and
New York Labor Law.

## JURISDICTION AND VENUE

13.  This Court has subject matter jurisdiction over
this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and
supplemental jurisdiction over plaintiff's state law claims
pursuant to 28 U.S.C. § 1367.  In addition, the Court has
jurisdiction over plaintiff's claims under the FLSA
pursuant to 29 U.S.C. § 216(b).

14.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

15.  Pursuant to 29 U.S.C. § 206 and § 207, Mr. Zhu seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since May 22, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16.  The Collective Action Members are similarly situated to Mr. Zhu in that they were employed by defendants as non-exempt restaurant workers, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

17.  They are further similarly situated in that defendants had a policy and practice of knowingly and

willfully refusing to pay them the minimum wage or overtime.

18.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## **FACTS**

19.  At all relevant times herein, defendants owned and operated an Indian restaurant in New York.

20.  Mr. Zhu was employed by defendants from approximately October 2009 through August 2014.

21.  Plaintiff was employed as a delivery person.

22.  Plaintiff's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

23.  At all relevant times herein, Mr. Zhu was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

24.  Mr. Zhu's regular schedule was six days per week, every day except Saturday.  He generally worked 11½ hours each day, for a total of approximately 69 hours per week, each week of his employment with defendants.

25.   Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

26.   Plaintiff was paid $40 per day worked when he started; in 2014 he was given a raise to $50 per day.

27.   These amounts did not vary based on the precise number of hours that he worked in a day or week.

28.   As a result, Mr. Zhu's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

29.   In addition to his pay, Mr. Zhu generally received tips for his work.

30.   However, defendants never provided Mr. Zhu with any notices regarding the "tip credit" and had no agreement in place with him regarding a tip credit.

31.   In addition, defendants would routinely retain a portion of the tips earned by Mr. Zhu.

32.   Upon information and belief, defendants did not keep accurate records of the tips received by Mr. Zhu.

33.   Defendants' failure to pay plaintiff an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

34.   Mr.  Zhu  was  paid  in  cash  throughout  his employment, and he received no paystubs or wage statements with his pay.

35.   In addition, defendants failed to pay Mr. Zhu any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and  the  supporting  New  York  State  Department  of  Labor regulations.

36.  Defendants' failure to pay Mr. Zhu the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

37.   Mr. Zhu worked six shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked shifts lasting longer than ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

38.   Defendants failed to provide Mr. Zhu with written notices  providing  the  information  required  by  the  Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signatures acknowledging the same, upon his hiring or at

any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

39.  Defendants failed to provide Mr. Zhu with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

40.  In addition, Mr. Zhu was required to supply his own vehicle – a motorcycle – for the purpose of making deliveries.

41.  However, although Mr. Zhu incurred expenses for operating his motorcycle, defendants never reimbursed him for those expenses.

42.  Upon information and belief, throughout the period of Mr. Zhu's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Zhu (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

43.  Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, or (2) overtime compensation of one-and-one-

half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

44. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

45. Upon information and belief, these other individuals were not reimbursed for expenses they were forced to incur on behalf of defendants for their "tools of the trade", and defendants unlawfully retained a portion of their tips.

46. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

47. Upon information and belief, while defendants employed Mr. Zhu and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

<u>COUNT I</u>

<u>(Fair Labor Standards Act — Minimum Wage)</u>

48.  Mr. Zhu, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49.  At all relevant times, defendants employed Mr. Zhu and the Collective Action Members within the meaning of the FLSA.

50.  Defendants failed to pay a salary greater than the minimum wage to Mr. Zhu and the Collective Action Members for all hours worked.

51.  As a result of defendants' willful failure to compensate Mr. Zhu and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

52.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

53.  Due to defendants' FLSA violations, Mr. Zhu and the Collective Action Members are entitled to recover from

defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

54. Mr. Zhu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Mr. Zhu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56. Defendants willfully violated Mr. Zhu's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

57. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. Due to defendants' New York Labor Law violations, Mr. Zhu is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

59.  Mr. Zhu, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60.  At all relevant times, defendants employed Mr. Zhu and each of the Collective Action Members within the meaning of the FLSA.

61.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

62.  As a result of defendants' willful failure to compensate their employees, including Mr. Zhu and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

63.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

64. Due to defendants' FLSA violations, Mr. Zhu and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

65. Mr. Zhu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, Mr. Zhu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67. Defendants willfully violated Mr. Zhu's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

68.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

69.  Due to defendants' New York Labor Law violations, Mr. Zhu is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT V

### (New York Labor Law – Spread of Hours)

70.  Mr. Zhu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

71.  At all relevant times, Mr. Zhu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72.  Defendants willfully violated Mr. Zhu's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R § 137-1.7 and 12 N.Y.C.R.R. § 146-1.6.

73.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

74.   Due to defendants' New York Labor Law violations, Mr. Zhu is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Unlawful deductions)

75.   Mr. Zhu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

76.   At all relevant times, Mr. Zhu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77.   Mr. Zhu was required to incur various expenses on behalf of defendants in the course of his employment.

78.   Defendants failed to reimburse Mr. Zhu for these expenses.

79.   These failures to reimburse Mr. Zhu constitute *de facto* deductions from wages.

80.   These *de facto* deductions were not for the benefit of Mr. Zhu and are not among the legitimate deductions authorized by New York Labor Law § 193.

81.   Moreover, these unreimbursed expenses brought Mr. Zhu's wages below the minimum wage, in violation of 12 N.Y.C.R.R. § 146-2.7(c).

82.   As a result, defendants have violated New York Labor Law.

83.   These violations were willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

84.   Due to defendants' New York Labor Law violations, Mr. Zhu is entitled to recover from defendants compensation for these unreimbursed expenses, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT VII

### (New York Labor Law – Illegal Tip Retention)

85.   Mr. Zhu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

86.   At all relevant times, Mr. Zhu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

87. Defendants willfully violated the rights of Mr. Zhu by illegally retaining a portion of his tips, in violation of New York Labor Law § 196-d.

88. Defendants' illegal retention of tips was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

89. Due to defendants' New York Labor Law violations, Mr. Zhu is entitled to recover from defendants his unlawfully retained tips, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT VIII

### (New York Labor Law – Wage Theft Prevention Act)

90. Mr. Zhu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

91. At all relevant times, Mr. Zhu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

92. Defendants willfully violated Mr. Zhu's rights by failing to provide him with the wage notices required by

the Wage Theft Prevention Act when he was hired, or at any time thereafter.

93.   Defendants willfully violated Mr. Zhu's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

94.   Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Zhu is entitled to recover from the defendants statutory damages of $100 per week through the end of his employment, up to the maximum statutory damages.

95.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Zhu is entitled to recover from the defendants statutory damages of $50 per week through the end of his employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully request that this Court grant the following relief:

    a.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Zhu and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.  Damages for defendants' illegal retention of a portion of employee tips;

i.  Compensation for monies deducted from plaintiff's pay via unreimbursed expenses in violation of New York Labor Law;

j.  Liquidated damages for defendants' New York Labor Law violations;

k.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

l.  Back pay;

m.  Punitive damages;

n.  An award of prejudgment and postjudgment interest;

o.  An  award  of  costs  and  expenses  of  this  action
    together  with  reasonable  attorneys'  and  expert
    fees;  and

p.  Such  other,  further,  and  different  relief  as
    this  Court  deems  just  and  proper.


Dated:  May 23, 2016



_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO JOIN FORM

### CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by SALAAM BOMBAY, INC. and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax: 212-349-6599
vswlaw@gmail.com

GUANGPING ZHU
Full Legal Name (Print)

*zhu Guang ping*
Signature

*05/20/2016*
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.