UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUANG PING ZHU,
                Plaintiff,

-v-

SALAAM BOMBAY, INC., et al.,
                Defendant.

16-CV-4091 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On November 20, 2017, the Court held a bench trial in this case. The Court found in favor of Plaintiff on his Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims. The parties thereafter submitted a damages calculation. (Dkt. No. 53.) This order resolves the remaining disputes and determines the amount of damages due.

As a preliminary matter, the Court previously concluded that because Plaintiff did not always testify as to exact dates or amounts, those figures would be rounded in favor of Defendants. On this basis, Defendants correctly point out that because Plaintiff testified that his pay raise occurred sometime in 2013, the raise should be deemed to have occurred on January 1, 2013. (Dkt. No. 53 at 2.) The parties also correctly state that Plaintiff made $40 per day before the raise, and $50 per day after the raise. (Dkt. No. 53 at 1 n.1.)

The Court now turns to the damages calculation for each of Plaintiff's claims.

**A.    Minimum Wage Damages**

The only issue in dispute as to minimum wage damages is the date of the pay raise, which the Court resolved in favor of Defendants. Accordingly, the total amount of minimum wage damages, including liquidated damages, is $23,991.20.

### B. Overtime Damages

The parties' calculations as to overtime damages are only several hundred dollars apart, and Plaintiff agrees to accept Defendants' calculation. Accordingly, the total amount of overtime damages, including liquidated damages, is $96,356.25.

### C. Spread-of-Hours Damages

The parties' calculations as to spread-of-hours damages are only several hundred dollars apart, and Plaintiff agrees to accept Defendants' calculation. Accordingly, the total amount of spread-of-hours damages, including liquidated damages, is $16,263.31.

### D. Retained-Tips Damages

The parties' calculations as to retained-tips damages are only about thirty dollars apart, and Plaintiff agrees to accept Defendants' calculation. Accordingly, the total amount of retained-tip damages, including liquidated damages, is $11,041.25.

### E. Tools-of-the-Trade Damages

The only disagreement as to tools-of-the-trade damages concerns the Court's finding that Zhu spent about $3,000 to $5,000 per year on repairs and traffic tickets. As above, the Court rounds down in favor of Defendant, for a total of $3,000 per year. Defendants make other arguments about the ability to recover for tools of the trade, but those arguments should have been raised at trial and are inappropriate at this stage. Accordingly, the total amount of tools-of-the-trade damages is $28,500.00.

### F. Wage-Theft-Prevention-Act Damages

As the parties agree on this point, the total amount of Wage-Theft-Prevention-Act Damages is $5,000.00.

### G. Prejudgment Interest

The most consequential disagreement relates to the availability of prejudgment interest.

The FLSA does not allow a plaintiff to recover both liquidated damages and prejudgment interest for the same time period, but the NYLL does. *See* N.Y. Lab. Law § 198 ("[T]he court shall allow [plaintiff] to recover . . . prejudgment interest as required under the civil practice law and rules, and . . . an additional amount as liquidated damages."). The parties therefore agree that Plaintiff is entitled to both liquidated damages and prejudgment interest on his NYLL-only claims. They disagree, however, over the time periods for which Plaintiff prevailed on both his FLSA and NYLL claims.

To simplify things, it is worth breaking down Plaintiff's potential recovery into three categories: (1) FLSA-only claims, (2) NYLL-only claims, and (3) hybrid FLSA-NYLL claims. The latter category might include, for example, an underpayment that violates both the FLSA and the NYLL. The first category clearly does not allow for prejudgment interest. The second category clearly does. But the parties disagree about the third category. Defendants argue that Plaintiff cannot recover prejudgment interest on any claim for which he could recover under the FLSA. Defendants point to cases holding that "courts do not award statutory prejudgment interest on any portion of their recovery for which liquidated damages were awarded under FLSA." *Tackie v. Keff Enterprises LLC*, No. 14 Civ. 2074, 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014). Plaintiff responds that he is entitled to recover under whichever of the two statutes provides the greater relief. Therefore, according to Plaintiff, when faced with the option of recovering under the FLSA or NYLL for a hybrid claim, he should be able to elect to recover under the NYLL only.

Plaintiff is correct. It may be true that a plaintiff cannot say "for claim X, I want to recover liquidated damages under FLSA and also prejudgment interest under the NYLL." But this is not what Plaintiff seeks to do. Plaintiff has the right to elect to recover under the statute

3

that provides for the highest recovery. *See, e.g.*, *Saucedo v. On the Spot Audio Corp.*, No. 16 Civ. 451, 2016 WL 8376837, at *15 (E.D.N.Y. Dec. 21, 2016). Therefore, for the hybrid FLSA-NYLL claims, he can elect to recover under only the NYLL for a given period because that statute allows for both liquidated damages and prejudgment interest. It would make little sense to bar a plaintiff from recovering the full amount provided by the NYLL simply because that plaintiff *could* also have recovered under FLSA. If that were the case, the fact that the employer violated both the NYLL and FLSA would actually help the employer, because that employer would be liable for a lower amount than if it had violated only the NYLL.

In sum, Plaintiff may elect to recover under only the NYLL for specific time periods if he so wishes. If he does so, he may be entitled to prejudgment interest under the NYLL.

## II. Conclusion

For the reasons discussed above, Defendants shall be liable for the amounts enumerated in each category. Because the calculation of prejudgment interest is contingent on the above rulings, the parties are directed to confer and submit a joint calculation of prejudgment interest, noting any remaining disagreement. That calculation shall be filed within 14 days from the date of this order.

SO ORDERED.

Dated: May 1, 2018
      New York, New York

_____
J. PAUL OETKEN
United States District Judge