UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUANG PING ZHU,

                              Plaintiff,

              -v-

SALAAM BOMBAY, INC. and
RAMESH SHAH,

                              Defendants.

16-CV-4091 (JPO)

<u>OPINION AND ORDER</u>

J. PAUL OETKEN, District Judge:

A bench trial was held on November 20, 2017 in this wage-and-hour case. Plaintiff
Guang Ping Zhu largely prevailed against Salaam Bombay, Inc. and Ramesh Shah (together,
"Defendants"). (*See* Dkt. No. 49 at 11.) On May 17, 2018, the Court entered judgment in favor
of Plaintiff in the amount of $223,072.66. (Dkt. No. 58.) Plaintiff now moves for an award of
attorney's fees and costs. (Dkt. No. 59.) For the reasons that follow, Plaintiff's motion is
granted in part and denied in part.

I.      **Discussion**

        A.      **Attorney's Fees**

        Both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL")
provide for the award of attorney's fees and costs to a prevailing plaintiff. *See* 29 U.S.C.
§ 216(b); N.Y. Labor Law §§ 198(1-a), 663(1). "District courts enjoy broad discretion when
setting a fee award, but they must clearly and concisely state reasons supporting the award."
*Tackie v. Keff Enters. LLC*, No. 14 Civ. 2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16,
2014). "A reasonable fee is calculated by determining 'the lodestar—the product of a reasonable
hourly rate and the reasonable number of hours required by the case—which creates a
presumptively reasonable fee.'" *Bazignan v. Team Castle Hill Corp.*, No. 13 Civ. 8382, 2015
WL 1000034, at *4 (S.D.N.Y. Mar. 5, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d

273, 284 (2d Cir. 2014)). "A district court may adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee,'" but "such adjustments are appropriate only in 'rare circumstances,' because the 'lodestar figure already includes most, if not all, of the relevant factors constituting a reasonable attorney's fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 553–54 (2010)) (brackets omitted).

### 1. Reasonable Rate

"A reasonable hourly rate is based on the current prevailing market rate for lawyers in the district in which the ruling court sits." *Liang Huo v. Go Sushi Go 9th Ave.*, No. 13 Civ. 6573, 2014 WL 1413532, at *7 (S.D.N.Y. Apr. 10, 2014) (brackets and internal quotation marks omitted); *see also Angamarca v. Pita Grill 7 Inc.*, No. 11 Civ. 7777, 2012 WL 3578781, at *11 (S.D.N.Y. Aug. 2, 2012) ("A reasonable hourly rate is the rate a paying client would be willing to pay, bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." (internal quotation marks omitted)), *report & rec. adopted*, Dkt. No. 39 (S.D.N.Y. Dec. 14, 2012). Determining the reasonable rate requires "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, which may include taking judicial notice of the rates awarded in prior cases, and consideration of the evidence proffered by the parties." *Watkins v. Smith*, No. 12 Civ. 4635, 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) (internal quotation marks omitted).

Here, Plaintiff requests the following hourly rates: $400 per hour for David Stein, a partner with Samuel & Stein ("S&S") (Dkt. No. 60 at 4; Dkt. No. 62 ¶ 1); $325 per hour for David Nieporent, a senior associate with S&S (Dkt. No. 60 at 4; Dkt. No. 62 ¶ 7); $350 per hour for Vincent Wong, a partner with the Law Office of Vincent Wong (Dkt. No. 60 at 5; Dkt. No. 61 ¶ 1); $275 per hour for Eugene Kroner, an associate with the Law Office of Vincent Wong

(Dkt. No. 60 at 5; Dkt. No. 61 ¶ 7); and $125 per hour for Joe Chen, a paralegal with the Law Office of Vincent Wong (Dkt. No. 60 at 5; Dkt. No. 61 ¶ 8).

Plaintiff's papers provide evidence justifying these requested hourly rates with respect to the attorneys from S&S. Stein, a partner at S&S, avers that he has continuously practiced law for the last twenty-eight years, has prosecuted more than 350 wage-and-hour cases, and has practiced "Fair Labor Standards Act and New York Labor Law unpaid wages lawsuits almost exclusively since 2008." (Dkt. No. 62 ¶ 14.) And Nieporent, a senior associate at S&S, has continuously practiced law for the last seventeen years, has a "practice [that] has consisted primarily of wage-and-hour litigation" since 2008, and has "second chaired several wage and hour trials in federal court." (Dkt. No. 62 ¶ 15.) Plaintiff also cites cases from this District demonstrating that hourly rates of $400 and $325 are within "the range of appropriate fees for experienced civil rights and employment law litigators[, which] is between $250 and $450" an hour. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (collecting cases). Finally, Plaintiff relies on decisions from other courts in this District, which have awarded these same hourly rates to Stein and Nieporent. *See, e.g.*, *Severino v. 436 West LLC*, No. 13 Civ. 3096, Dkt. No. 80 at 5–6 (S.D.N.Y. Oct. 28, 2016); *Lu v. Nails by Ann, Inc.*, No. 15 Civ. 8906, Dkt. Nos. 45 & 48 (S.D.N.Y. Apr. 19, 2018). The Court takes judicial notice of these awards. Based on all of the foregoing, the Court concludes that Plaintiff's requested rates of $400 per hour for David Stein and $325 per hour for David Nieporent are reasonable.[1]

With respect to the attorneys from the Law Office of Vincent Wong, Plaintiff's moving papers do not set out the specifics of the attorneys' experience in great detail. But a declaration from Wong states that he has been practicing law for twenty-two years, and that his associate

---

[1] Stein and Nieporent also billed certain of their time spent on this case, such as travel, at lower hourly rates. (Dkt. No. 62 ¶¶ 17–18.) The Court finds the lower rates charged by S&S for these hours to be reasonable as well.

Kroner has been practicing law for five years. (Dkt. No. 61 ¶¶ 6–7.) The declaration also describes Chen's services as a paralegal as routinely billed at the requested rate of $125 per hour. (Dkt. No. 61 ¶ 8.)

Though somewhat sparse, the Court concludes that the documentation supplied in support of the fee application is sufficient to justify these requested rates.[2] Wong's and Kroner's requested rates—$350 per hour and $275 per hour, respectively—are well within the $250 to $450 hourly rate typically charged by experienced litigators in these types of cases. *See Gurung*, 851 F. Supp. 2d at 597. Similarly, Chen's requested rate falls squarely within the range of rates typically awarded for paralegal work in FLSA actions in this District, which is from $100 per hour to $150 per hour. *See Long v. HSBC USA Inc.*, No. 14 Civ. 6233, 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016) (Pitman, Mag. J.) (collecting cases). The Court also takes notice that these specific requested rates have previously been approved for both Wong and Chen by a judge in this District. *See Lu*, No. 15 Civ. 8906, Dkt. Nos. 45 & 48. Based on all of the foregoing, the Court concludes that Plaintiff's requested rates of $350 per hour for Vincent Wong, $275 per hour for Eugene Kroner, and $125 per hour for Joe Chen are reasonable.

### 2.     Number of Hours Expended

"In determining the proper number of hours for which a defendant should be compensated, the district court should exclude excessive, redundant, or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Liang Huo*, 2014 WL 1413532, at *8 (brackets and internal quotation marks omitted). "The Court should examine

---

[2] In connection with Plaintiff's reply brief, attorneys from the Law Office of Vincent Wong submitted supplemental declarations delineating their qualifications in greater detail. (Dkt. Nos. 68 & 69.) In response, however, Defendants filed a letter arguing that the timing of the declarations was inappropriate and that the Court should not consider new evidence submitted for the first time on reply. (Dkt. No. 70 at 2.) Because the Court concludes that Plaintiff's original moving papers were themselves sufficient to justify Plaintiff's requested hourly rates for Wong, Kroner, and Chen, the Court need not address the propriety of this aspect of Plaintiff's reply submissions.

contemporaneous time records that identify, for each attorney, the hours expended on a task, with a view to the value of the work product of the specific expenditures to the client's case." *Angamarca*, 2012 WL 3578781, at *12 (internal quotation marks omitted). The Court "must determine how much of that time was reasonably expended," based on the Court's "own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015) (Dolinger, Mag. J.) (internal quotation marks and ellipsis omitted).

According to their submissions, Plaintiff's attorneys and their support staff spent a total of 213.25 hours on this case through the entry of judgment: 62.5 hours expended by Stein, 90 hours by Nieporent, 22.05 hours by Wong, 7.9 hours by Kroner, and 30.8 hours by Chen. (Dkt. No. 62 ¶ 19.)

The Court finds the hours expended on this case by Plaintiff's trial attorneys, Stein and Nieporent, to be reasonable. (*See* Dkt. No. 62 ¶¶ 7, 12 (outlining the division of labor among Plaintiff's lawyers).) Together, Stein and Nieporent spent 152.5 hours on this case. (Dkt. No. 62 ¶ 19.) This Court has previously found another trial team's similar number of hours to be reasonable in a case that, like this one, was, "was a straightforward wage and hour action that involved a small number of depositions, relatively minor motion practice, and a brief trial." *Jimenez v. KLB Foods, Inc.*, No. 12 Civ. 6796, 2015 WL 3947273, at *3 (S.D.N.Y. June 29, 2015) (approving 155.6 hours worked by trial team in wage-and-hour case). Having conducted a review of the billing records provided by Plaintiff's trial attorneys here, the Court finds the number of hours worked by Stein and Nieporent to be reasonable.

Wong, Kroner, and Chen, Plaintiff's attorneys and the paralegal from the Law Office of Vincent Wong, did not participate in this case's trial, but instead were retained to handle "all matters relating to client communications" because Plaintiff speaks Chinese. (Dkt. No. 62 ¶ 12.) Together, Wong, Kroner, and Chen worked on this case for a total of 60.75 hours. (Dkt. No. 62

5

¶ 19.) Defendants contest whether it was reasonable for a law firm to have billed this number of hours to serve the role of "Middle Man." (Dkt. No. 64 at 9–14.) According to Defendants, Plaintiff's choice to pay legal fees for attorneys to provide "nothing more than mere interpretation services" served only to "dr[i]ve-up litigation costs unnecessarily and solely for the purpose of relaying information." (Dkt. No. 64 at 10, 14.) Defendants also question whether the large number of hours billed by the Law Office of Vincent Wong results in part from the firm's duplicative billing practices, noting "that for every single entry by Attorney Wong (except for a single May 20, 2016 entry and three 'draft email' entries), his paralegal input an identical entry with an identical description and time." (Dkt. No. 64 at 13.)

For his part, Plaintiff counters that the Law Office of Vincent Wong was retained to do more than provide interpretation services. According to Plaintiff, Wong and his firm performed all of this case's legal work that was best suited for attorneys capable of direct communication with a non-English speaking client, such as "gather[ing] facts about his case and assess[ing] his potential claims, reviewing defendants' discovery demands with [Plaintiff] and obtaining responsive information from him, and preparing [Plaintiff] for his deposition." (Dkt. No. 65 at 6.)

The Court is unpersuaded by Defendants' assertion that the retention of the Law Office of Vincent Wong for purposes of client communications is tantamount to hiring a law firm to perform interpretation services. As Plaintiff points out, had the attorneys from S&S hired an interpreter to facilitate their direct communications with Plaintiff, the result might have been even more costly. (*See* Dkt. No. 65 at 6–7.) Indeed, if Plaintiff had chosen to retain S&S alone, not only would S&S have needed to bill extra hours for the same communicative work that was ultimately performed by the Law Office of Vincent Wong, but S&S would have also needed to hire and pay for an additional person, namely an outside interpreter, to facilitate those communications. "[B]earing in mind that a reasonable, paying client wishes to spend the

minimum necessary to litigate the case effectively," the Court concludes that it was reasonable for Plaintiff to have hired a legal team capable of communicating with him directly to work alongside his team of trial attorneys. *See Angamarca*, 2012 WL 3578781, at *11 (internal quotation marks omitted).

The Court is, however, persuaded by Defendants' identification of duplicative time entries by the Law Office of Vincent Wong. (*See* Dkt. No. 64 at 12–14.) The Court identifies sixteen billing entries in which either Wong or Kroner and Chen billed for precisely the same work.[3] These duplicative entries together amount to a total of 46 billed hours (*i.e.*, 23 attorney hours and 23 paralegal hours duplicatively billed). Some of these billing entries, such as the October 23, 2016 entry in which both Kroner and Wong billed .75 hours to prepare Plaintiff for his deposition (Dkt. No. 61-1 at 4), appear to have involved the types of tasks that may have warranted such double-staffing. But others, such as the May 18, 2018 and December 21, 2017 meetings to review this Court's Order and Judgment and Findings of Fact and Conclusions of Law, respectively (Dkt. No. 61-1 at 2), appear to be tasks uniquely suited to attorneys. And regardless of whether double staffing was reasonable for each and every particular task billed, the Court finds that the extent of these duplications, which together compose more than three-quarters of the net hours billed by the Law Office of Vincent Wong, is highly indicative of Wong's firm having billed some "excessive, redundant, or otherwise unnecessary" hours. *Liang Huo*, 2014 WL 1413532, at *7 (internal quotation marks omitted).

In cases such as this, a "district court has the authority to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application." *See In re*

---

[3] The relevant duplicative entries were billed on the following dates: May 18, 2018 (.5 hours); May 1–2, 2018 (.5 hours); January 2, 2018 (1 hour); December 21, 2017 (2 hours); November 17, 2017 (2 hours); October 16, 2017 (.5 hours); May 10, 2017 (2.5 hours); April 4, 2017 (.75 hours); January 24, 2017 (.75 hours); January 22, 2017 (1.5 hours); October 23, 2016 (.75 hours); August 26, 2016 (1 hour); August 22, 2016 (2 hours); June 30, 2016 (.25 hours); June 2, 2016 (2 hours); and March 25, 2016 (5 hours). (*See* Dkt. No. 61-1.)

"*Agent Orange*" *Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (internal quotation marks omitted); *see also Liang Huo*, 2014 WL 1413532, at *9 (cutting 35% from prevailing counsel's billed hours due to inefficient, excessive, and redundant billing). Here, the Court determines that a 33.3% reduction in the number of hours billed by Wong, Kroner, and Chen is warranted. The Court will thus award Plaintiff attorney's fees for 14.71 of Wong's billed hours, for 5.27 of Kroner's billed hours, and for 20.54 hours of Chen's billed hours.[4]

Plaintiff's counsel at S&S also spent an additional 8.6 hours drafting Plaintiff's reply in support of his motion for attorney's fees, and they request fees for the 8.5 of those hours spent by Nieporent at $325 per hour. (Dkt. No. 65 at 9; Dkt. No. 66-1.) Courts in this district, including this Court, have permitted such "fees on fees." *Jimenez*, 2015 WL 3947273, at *4 (collecting cases). Accordingly, the Court will award Plaintiff fees for the hours worked by Nieporent in preparing his reply brief.

In summary, the Court approves the 152.5 hours on this case spent by Plaintiff's counsel at S&S in litigating this case, and also adds 8.5 further hours for Nieporent's time preparing the reply papers for this fee motion. In addition, the Court approves 14.71 of the hours billed by Wong, 5.27 of the hours billed by Kroner, and 20.54 of the hours billed by Chen.

### 3.    Defendants' Other Arguments

Defendants interpose two additional objections to Plaintiff's motion for attorney's fees, neither of which has merit.

First, Defendants argue that Plaintiff was not entirely successful on his claims because he failed to obtain collective certification of a FLSA class. (Dkt. No. 64 at 2–4.) In support of this contention, Defendants cite a Second Circuit case, *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132 (2d Cir. 2008), in which an attorney's fees award in an FLSA case was

---

[4] These approved hours have been rounded to the nearest one-hundredth of an hour.

reduced by 50% because the plaintiff's attorneys failed to obtain collective certification. *See id.* at 152–53.

*Barfield* is readily distinguishable. The district court in *Barfield* had described "plaintiff's primary aim in [that] litigation, as reflected in her complaint and in the first four months of litigation . . . [as seeking] to certify a collective action," and it was against that "background of anticipated relief for thousands that plaintiff's recovery of $1,744.50 in compensatory and liquidated damages for herself appear[ed] to reflect only a small degree of success." *Id.* at 152 (internal citations omitted). In contrast to *Barfield*, Plaintiff here never filed an unsuccessful motion for collective certification, but rather has pursued this action as a single-plaintiff case throughout discovery. Furthermore, Plaintiff obtained pre-interest damages on his claims in the amount of $181,152.01 (*see* Dkt. No. 57), which amounts to a nearly full recovery of the $190,524.91 in damages Plaintiff sought at trial (*see* Dkt. No. 43 at 14–15). And unlike in *Barfield*, in which the court could identify specific hours spent by the plaintiff's lawyers on the failed endeavor of collective certification, Defendants here make no showing that Plaintiff's current request for attorney's fees includes any such hours. The Court is thus unmoved by Defendants' contention that Plaintiff's failure to pursue collective certification of a FLSA class establishes that Plaintiff was unsuccessful on any significant claims.

Second, Defendants argue that the failure of Plaintiff's lawyers to create time records contemporaneously with their work on this case renders the requested amount of fees suspect and unreasonable. (Dkt. No. 64 at 4–8.) It is true that "[t]he plaintiff must produce contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Tackie*, 2014 WL 4626229, at *6 (internal quotation marks omitted). But that is precisely what Plaintiff has done here. In his moving papers, Plaintiff included declarations from the lead attorneys on this case averring that all attorneys working for their firms produce contemporaneous time records. (Dkt. No. 61 ¶ 3; Dkt. No. 62 ¶ 3.) After Defendants pointed

out aspects of Plaintiff's attorneys' timekeeping that Defendants viewed as indicative of *post hoc* billing practices (Dkt. No. 64 at 5–8), Plaintiff provided explanations and supplemental declarations helping to clarify the aspects of his attorneys' timesheets that Defendants found troublesome (*see* Dkt. No. 65 at 3–5; *see also* Dkt. No. 67 ¶¶ 3–7; Dkt. No. 69 ¶¶ 7–9).[5] The Court finds persuasive Plaintiff's attorneys' explanations for the supposed discrepancies and indications of non-contemporaneous timekeeping identified by Defendants in their opposition brief. Accordingly, the Court concludes that Plaintiff's attorneys have satisfied their obligation to "produce contemporaneous time records." *Tackie*, 2014 WL 4626229, at *6.

### 4. Presumptively Reasonable Fee

The approved hourly rates multiplied by the reduced number of approved hours results in a lodestar amount of $63,489.00.[6] Seeing no basis for adjusting the lodestar in this case, *see Millea*, 658 F.3d at 167, the Court awards Plaintiff $63,489.00 in attorney's fees.

### B. Costs

"An employee who prevails in a wage-and-hour action is entitled to recover costs." *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461, 2014 WL 4207106, at *15 (S.D.N.Y. Aug. 26, 2014) (citing 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1)), *report & rec. adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014). These costs include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

---

[5] Defendants challenge the propriety of including these supplemental declarations as part of a reply brief. (*See* Dkt. No. 70 at 1–2.) The Court deems the submission of the cited portions of these declarations proper because they were "submitted in response to [a] new material issue[] raised by the defendants in their opposition brief." *U.S. ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, No. 08 Civ. 7826, 2012 WL 1228199, at *5 (S.D.N.Y. Apr. 9, 2012).

[6] This calculation reflects the lower hourly rates charged by S&S for certain of their time spent on this case. (*See* Dkt. No. 62 ¶¶ 17–18.)

Plaintiff requests $2,395.28 in costs, consisting of a $400 filing fee, $107 in service costs, $33 in subway costs, $630 in interpreters' costs, $5 in research costs, $23.75 in postage costs, $758.65 in deposition costs, and $437.88 in court reporting fees. (Dkt. No. 62 ¶ 20.) Plaintiff supports the request with documentation of the filing, service, interpreting, postage, deposition, and court reporting charges. (Dkt. No. 62-2.) These costs are reasonable and, accordingly, the Court awards $2,395.28 to Plaintiff.

## II.     Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is GRANTED IN PART AND DENIED IN PART. Plaintiff Guang Ping Zhu is hereby awarded fees and costs in the amount of $65,884.28, consisting of $63,489.00 in attorney's fees and $2,395.28 in costs.

The Clerk of the Court is directed to close the motion at Docket Number 59.

SO ORDERED.

Dated: January 2, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge